United States District Court
Southern District of Texas
**ENTERED**
January 30, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AL'S PALS PET CARE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:17-CV-3852 |
| | § | |
| WOODFOREST NATIONAL BANK, NA, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINAL ORDER AND JUDGMENT**

This matter is before the Court on the unopposed (1) Motion for Final Approval of Class Settlement [Dkt. No. 41] and (2) Motion for Attorneys' Fees, Expenses, and Service Awards [Dkt. No. 42] filed by Plaintiffs and class counsel. The Court has reviewed all of the filings and evidence related to the Settlement and received testimonial submissions and briefing on the motions. Having considered the written submissions, and after oral argument at a hearing on January 30, 2019, the Court hereby **GRANTS** the motions as follows:

**Background**

1. Defendants provide payment processing services. Plaintiffs allege Defendant Merchants' Choice Processing Solutions and its affiliates made a regular practice of tricking merchants to do business with Defendants by "cold calls" that falsely insinuated the callers worked for the merchants' then-current payment processing companies. Plaintiffs also allege that Defendants overcharged them by imposing several types of fees that were not authorized by the applicable contracts.

2. The lawsuit seeks to recover the alleged overcharges on behalf of Plaintiffs and a national class of other merchants, asserting claims for fraudulent inducement, breach of

contract, and unjust enrichment. *See* [Dkt. No. 1]. Defendants deny Plaintiffs' allegations and contend the claims have no merit.

3.      Defendants moved to dismiss the complaint [Dkt. No. 21] and, in response, Plaintiffs filed an amended complaint [Dkt. No. 24]. The amended complaint added new allegations and integrated several more named Plaintiffs based on extensive investigation by Plaintiffs' counsel.

4.      During the Rule 26(f) conference and via several follow up communications, the parties agreed to mediate the case. They agreed to exchange specified data and documents in advance to allow for informed discussions. At the parties' request, the Court stayed proceedings pending the mediation. *See* [Dkt. No. 30].

5.      For the next several months, the parties worked to prepare for the mediation. They retained Hunter Hughes, a nationally-respected and experienced class action neutral. Defendants gathered and produced more than 8,000 pages of documents, aggregate revenue figures, and hundreds of thousands of lines of transaction and fee data for the named Plaintiffs and a sample of putative class members. The parties each retained a data expert to assist in the analysis of this information and exchanged reports with their conclusions. Substantial efforts were expended before the mediation to narrow the differences in the parties' positions and the experts' conclusions. The parties also exchanged lengthy pre-mediation briefing on the legal issues.

6.      Although the mediation was unsuccessful, the parties continued to work. After several follow-up discussions with Mr. Hughes, a tentative class-wide agreement was reached. This deal was subsequently reduced to a binding Settlement Agreement and Release ("Settlement") [Dkt. No. 41-1], for which the parties sought preliminary approval on September 7, 2018 [Dkt. Nos. 38-39]. On September 18, 2018, the Court issued preliminary

approval to the proposed Settlement and instructed that notice be distributed to the class. *See* Preliminary Approval Order [Dkt. No. 40].

7.    Notice was then distributed to the class in accordance with the Preliminary Approval Order.  The Motion for Final Approval of Class Settlement and Motion for Attorneys' Fees, Expenses, and Service Awards were filed by Plaintiffs on December 19, 2018. No objections to the Settlement were filed before the January 2, 2019 deadline.

## Settlement Terms

8.    The Settlement establishes a settlement fund of $15 million, which will be used to pay cash benefits to class members, costs of notice and administration, attorneys' fees and expenses, and service awards.  All class members are eligible to receive a cash payment. Current customers will automatically receive their payments, while former customers will receive a payment if they file a simple claim form.

9.    The amount of the cash payments is calculated the same way for both current and former customers pursuant to the allocation formula attached as Exhibit 1 to the Settlement.  If the total of the cash distributed to current customers, the cash amount claimed by former customers, costs of notice administration, attorneys' fees and expenses, and service awards is less than $11 million, then the difference between the total of all of those amounts and $11 million will be distributed *pro rata* to all class members, except for those former customers who have not submitted claims.  If the total of all of those amounts is equal to or more than $11 million, any money remaining in the settlement fund after payment of all obligations will be returned to Defendants.

10.    The Settlement also requires Defendants to amend their standard merchant application and terms and conditions to (a) require Defendants to give 30 days' advance notice

3

prior to increasing or adding any fees, (b) waive any applicable early termination fee if a merchant terminates within 90 days of an increase in non-pass through fees, and (c) allow merchants to dispute errors or charges on statements within 90 days from receipt or availability of their statements.  Defendants are also bound to undertake a review of their telemarketing practices and, based on the results of this review, to revise their training program for their independent sales offices/agents, as may be necessary to include instruction that independent sales offices/agents should not imply or insinuate to prospective merchants that they are affiliated with the merchant's current payment processing service provider.

11.    In conjunction with the Settlement, the class will release Defendants from the claims that were or could have been raised in this case.  Class members specifically retain all rights to challenge invoices sent by Defendants after September 18, 2018, the date of preliminary approval.  In turn, Defendants will release class members from any potential liability for payment of Defendants' attorneys' fees and expenses incurred in defending this case.

**Class Notice**

12.    Based on the declarations of Cameron Azari [Dkt. Nos. 44 and 48], the Court finds that that class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.  Accordingly, the Court has jurisdiction over all class members for purposes of the Settlement.

**Merit of Settlement**

13.    After consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) as well as

the Fifth Circuit's "*Reed* factors" [*see Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (citing *Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983)], the Court finds that the Settlement is fair, reasonable, and adequate.

14.     Based on the well-developed record, the Court finds that the class has received excellent representation from both Plaintiffs and class counsel; the Settlement was reached at arm's length without collusion or fraud; and the Settlement treats class members equitably relative to one another.  The Court also finds that the relief provided by the Settlement is appropriate given (i) the complexity, expense, and likely duration of the litigation without the Settlement, (ii) the range of recovery if the case were to be tried, (iii) the large amount of informal discovery taken, (iv) the uncertain likelihood of Plaintiffs' success on the merits, (v) the factually-supported opinions of Plaintiffs, class counsel, Hunter Hughes, and John Zavitsanos, (vi) the well-reasoned methodologies of distributing relief to class members and processing claims, and (vii) the fact that *zero* class members have objected to the Settlement.

15.     The Court hereby finally approves in all respects the Settlement and finds that the Settlement's terms for allocating and distributing the settlement fund are in all respects fair, reasonable, and adequate, and are in the best interests of the class.

### Certification of Settlement Class

16.     The Court hereby certifies, for settlement purposes only, the following class:

> All merchants in the United States that contracted to receive payment processing services from or through Defendants and paid one or more of the Subject Fees from December 22, 2013 through the date of preliminary approval.[1]

Excluded from the class are Defendants; parents, subsidiaries, or affiliates of any Defendant; any

---

[1] "Subject Fees" refers to the following categories of fees charged by Defendants:  (1) annual fee, (2) batch header fee, (3) PCI program/compliance fee, (4) PCI non-compliance/non-validation fee, (5) gateway access fee, (6) Foundry/emerchant fee, (7) monthly minimum discount fee, (8) non-qualified fee, (9) discount rate, (10) other discount fee, or (11) paper statement fee.

entity in which any Defendant has a controlling interest; Defendants' counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are those who properly excluded themselves from the class. A list of those who properly excluded themselves is attached as Exhibit A.

17.     The Court specifically determines that, for settlement purposes only, the class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives and class counsel have and will fairly and adequately protect the interests of the class; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

18.     Plaintiffs Al's Pals Pet Care, LLC, DeFabio Spine and Sports Rehab, LLC, Julie Rudiger, Inc., Mena Stone & Landscaping Supplies, LLC, Tulsa Art Center, LLC, Ban-A-Pest Extermination Co., Inc., Fleetwood Chiropractic & Rehabilitation, PC, and Bayley Products, Inc. have adequately represented the settlement class and are appointed as settlement class representatives.

19.     E. Adam Webb and Matthew C. Klase of Webb, Klase & Lemond, LLC; and Andrew K. Meade, D. John Neese, Jr., and Leann Pinkerton of Meade & Neese, LLP have adequately represented the settlement class and are appointed as class counsel.

### Attorneys' Fees, Expenses, and Service Awards

20.     Attorneys' Fees. The Court hereby grants to class counsel a fee in the amount of $5,000,000, which the Court finds to be fully supported by the facts, the record, and the applicable law. This amount shall be paid from the settlement fund.

21.    The requested attorneys' fee is justified under the percentage of the common fund methodology described in *Dell.* 669 F.3d at 644. The fee represents one-third of the $15 million settlement fund, which is an oft-awarded percentage in common fund class action settlements in this Circuit. *E.g.*, *Wolfe v. Anchor Drilling Fluids USA Inc.*, 2015 WL 12778393, *3 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (awarding 40%); *Frost v. Oil States Energy Servs.*, 2015 WL 12780763, *2 (S.D. Tex. Nov. 19, 2015) (one-third); *Campton v. Ignite Restaurant Group, Inc.*, 2015 WL 12766537, *3 (S.D. Tex. June 5, 2015) (one-third); *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 307 (S.D. Miss. 2014) (one-third); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1139-40 (W.D. La. 1997) (36%); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, *12-13 (N.D. Tex. Apr. 25, 2018) (one-third); *Fairway Med. Ctr., LLC v. McGowan Enterprises, Inc.*, 2018 WL 1479222, *2-3 (E.D. La. Mar. 27, 2018) (one-third); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 2015 WL 4528880, *23 (E.D. La. July 27, 2015) (one-third); *Burford v. Cargill, Inc.*, 2012 WL 5471985, *5 (W.D. La. Nov. 8, 2012) (awarding one-third and noting "a review of analogous precedent indicates that an award of one-third of the common fund is reasonable and typical").

22.    The Court has confirmed the reasonableness of the requested fee through an analysis of "the *Johnson* factors." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir.1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Specifically, (i) class counsel devoted substantial time and labor to prosecuting and settling this case; (ii) the case presented novel and difficult legal issues; (iii) class counsel possessed the necessary skill to effectively litigate this case; (iv) class counsel's representation of the class precluded them from taking other employment; (v) the requested one-third fee is reasonable, customary, and standard for contingency litigation in this District; (vi) the action was

prosecuted entirely on a contingency fee basis and thus presented a serious risk of non-payment; (vii) the amount and nature of the Settlement is impressive given the facts and applicable law; (viii) class counsel are highly-experienced in class action cases and their efforts have been lauded by prior courts; (ix) this case was undesirable given the risk of non-recovery and economics involved in prosecuting class actions; (x) class counsel had no existing relationships with the Plaintiffs; (xi) the requested fee comports with awards in similar cases; and (xii) other relevant circumstances justifying the requested fee are present.

23.    The record also shows that the parties' agreement in the Settlement with regard to fees was not negotiated until after the other terms of the Settlement had been negotiated and was not the product of collusion or fraud. As a result, the parties' agreement as to the payment of fees is entitled to substantial weight. *Johnson*, 448 F.2d at 720 ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.").

24.    <u>Expenses.</u>  The Court hereby grants to class counsel the requested expense reimbursement of $27,340.50, which the Court finds to be fully supported by the Settlement, the facts, the record, and the applicable law. *E.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970). This amount shall be paid from the settlement fund.

25.    <u>Service Awards.</u>  The Settlement provides that each of the class representatives is to receive $10,000 for their service on behalf of the class. The Court finds that payment of these service awards is warranted and approved in this case in light of the class representatives' work on behalf of the class and the risk they took of being held responsible for paying Defendants' legal fees and expenses pursuant to provisions in their merchant agreements. *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, *15 (E.D. La. Jan. 18, 2012)

(quoting *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 333 n.65 (3rd Cir. 2011)).

## Releases

26.    Pursuant to, and as more fully described in Section XII of the Settlement, on the Effective Date, the Releasing Parties shall be deemed to have and, by operation of this Final Order and Judgment shall have, fully and irrevocably released and forever discharged the Released Parties from the claims identified in Paragraph 68 of the Settlement. The release does not affect any right of the Releasing Parties to contest for any reason any invoice sent by Defendants after September 18, 2018, the date of preliminary approval. In addition, on the Effective Date, Defendants shall be deemed to have and, by operation of this Final Order and Judgment shall have, fully and irrevocably discharged the Plaintiff Released Parties for payment of Defendants' attorneys' fees and expenses incurred in defending this action. The terms capitalized in this paragraph have the same meaning ascribed to them in the Settlement.

## Dismissal and Final Judgment

27.    The Court hereby DISMISSES this action WITH PREJUDICE as against the named Plaintiffs, all members of the class, and Defendants. The parties shall bear their own costs except as provided by the Settlement.

28.    No class representative or settlement class member, either directly, representatively, or in any other capacity (other than a settlement class member who validly and timely elected to be excluded from the settlement class), shall commence, continue, or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the Settlement, and they are hereby permanently enjoined from so proceeding.

29.    By reason of the Settlement, and there being no just reason for delay, the Court

hereby **ENTERS FINAL JUDGMENT** in this matter, which the clerk of Court is **DIRECTED** to immediately enter.

30.     Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. The class representatives, Defendants, and each member of the settlement class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrecoverably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

### Use of this Order

31.     That the parties have reached a Settlement and participated in proceedings related to the Settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing, or other dereliction of duty; provided, however, that reference may be made to the Settlement as may be necessary to

effectuate or enforce its provisions.

32.    In the event that the Settlement does not become effective according to its terms, this Order and Final Judgment shall be rendered null and void as provided by the Settlement, shall be vacated, and all orders entered and releases delivered in connection with the Settlement shall be null and void to the extent provided by and in accordance with the Settlement.

## Conclusion

33.    For the reasons set forth herein, the Court hereby (a) **GRANTS** final approval of the Settlement; (b) **CERTIFIES** the settlement class pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves the requests for attorneys' fees of $5,000,000.00, expenses of $27,340.50, and service awards of $10,000 for each class representative; (e) **DISMISSES** this action **WITH PREJUDICE** as to all parties and the members of the class; and (f) **ENTERS FINAL JUDGMENT**.  The parties and the settlement administrator are directed to carry out the Settlement according to its terms.

It is so **ORDERED**.

SIGNED on this 30ᵗʰ day of January , 2019.

Kenneth M. Hoyt
United States District Judge

11



**Al's Pals Pet Care, LLC, et al. v. Woodforest National Bank, N.A., et al.**

S.D. Tex. Case No. 4:17-CV-3852

**Requests for Exclusions**

| | Document ID | Merchant Name |
|---|---|---|
| 1 | 1 | MIKE MARKS PRO SHOP – Merchant ID# 434466761880 |
| 2 | 1 | MIKE MARKS PRO SHOP – Merchant ID#:444233855881 |
| 3 | 2 | MISS BEHAVEN |
| 4 | 3 | LOYAL ORDER OF MOOSE |